**Steven Ray CHANCE, Plaintiff–Appellant,**

v.

**State of TENNESSEE, et al., Defendants–Appellees.**

**No. 02–5322.**

United States Court of Appeals, Sixth Circuit.

Oct. 7, 2002.

Before SILER, DAUGHTREY, and GILMAN, Circuit Judges.

### ORDER

This is an appeal from a district court judgment denying an inmate / litigant's application to proceed in forma pauperis. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, Tennessee state inmate Steven Ray Chance filed an application to proceed in forma pauperis in his proposed prisoner civil rights complaint against various corrections employees as well as officials and departments of the State of Tennessee. The district court denied the application on the authority of 28 U.S.C. § 1915(g) and this appeal followed.

In 2001, Tennessee inmate Chance filed a civil rights complaint in which he alleged that virtually every political entity of the

State of Tennessee, as well as every judge and corrections official with whom Chance had any contact, were conspiring to prevent Chance from exercising his right to file grievances and to protect corrections officials in their constant assault on Chance's rights and person. In the course of his narrative, Chance alluded to some of the named governmental defendants having ordered a "contract hit" on Chance and had Chance framed for an assault. Chance contemporaneously sought in forma pauperis status. The district court noted that four of Chance's previous civil rights complaints had been dismissed on the grounds that they were frivolous, malicious, or had been brought in bad faith. The district court then ordered the dismissal of the motion for pauper status on the authority of 28 U.S.C. § 1915(g) after concluding that Chance had not shown that he was in imminent danger of serious physical injury. This appeal followed, in which Chance takes issue with the district court's decision in its entirety.

Section 1915(g) of Title 28, the so-called "three strikes" provision, provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The district court properly determined that Chance was not entitled to pauper status under § 1915(g). The court concluded that Chance has filed three or more lawsuits that were dismissed because they were frivolous or failed to state a claim, and Chance does not challenge the court's

conclusion that § 1915(g) applies to him. Finally, Chance has not established that he falls within the "imminent danger of serious physical injury" exception to § 1915(g). Chance's conclusory allegations that he was the target of a government-sponsored assault, or "contract hit," are completely unsupported by any evidentiary material and appear to be a thinly veiled rehashing of similar arguments made and rejected in his previous lawsuit challenging his administrative punishment for stabbing another inmate.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.